IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSEPH ROBERTS,

    Plaintiff,

v.

FNB SOUTH OF ALMA, GEORGIA,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-98

FNB SOUTH OF ALMA, GEORGIA,

    Counter Claimant,

v.

JOSEPH ROBERTS,

    Counter Defendant.

# O R D E R

This matter is before the Court on the Defendant's Motion to Stay Discovery. (Doc. 22.) After careful consideration and for good cause shown, Defendant's Motion is **GRANTED**.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant's motion and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery and the requirements of Local Rule 26.1 and Federal Rule of Civil Procedure 26, are stayed pending a ruling by the Court on Defendant's Motion to Dismiss (doc. 14).

IT IS FURTHER ORDERED that **within twenty-one (21) days** following the Court's ruling on Defendants' Motion, should this case remain pending before the Court, the parties are directed to again meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a Supplemental Rule 26(f) Report **within fourteen (14) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered by the Court.

This Order does not affect Plaintiff's obligation to respond to Defendant's Motion to Dismiss.  Plaintiff has not responded to Defendant's Motion to Dismiss despite being ordered to file a response on or before November 20, 2015.  (Doc. 20.)  In an abundance of caution, the Court will give Plaintiff additional time to respond to the Motion to Dismiss.  Plaintiff is hereby **ORDERED** to file a response within **14 DAYS of the date of this Order**.  If Plaintiff does not file a timely response, the Court will dismiss his claims.

**SO ORDERED**, this 25th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA